Wright, J.,
delivered the opinion of the Court.
The decree in this case is erroneous. The object of the bill is to divest the title of the lot in dispute out of the ■ defendants, and to vest the same in complainant. It can be viewed in no other light. It is plain from the bill and the entire case that Margaret Ramsey died intestate, and that this lot descended to all her heirs, as tenants in common, and that her son, E. A. Ramsey, acquired no exclusive title, as her devisee, the will under which he claims having been cancelled by his mother in her lifetime.
Complainant, as purchaser of E. A. Ramsey, has title to the shares of James H. Cowan, Thos. W. Humes, Mary White, and Margaret White, they having disclaimed title in his favor and being sui juris. He has also E. A. Ramsey’s share by purchase. To this extent a decree to divest title would have been proper.
*17 But as to the infant heirs of Elizabeth White and Andrew R. Humes, and also as to Cornelia, the wife of Charles M. McGee, Margaret, the wife of John 0. Greenway, and John N. Humes, complainant has no title. They all answer and insist upon their rights except John N. Humes, as to whom there is a pro eonfesso. And as the bill shows complainant has no title as to him, the pro eonfesso can avail nothing.
The only decree then proper in the case was a divestiture of title to the extent above stated. But this the Chancellor did not do; but proceeded to take proof and decree a sale for the purpose of partition, when the bill was not framed with any such view, and asked no such thing.
In the other aspect of the case, namely, a bill to sell the lot because it may be so situated that partition thereof cannot be made, or because it would be manifestly for the advantage of the parties, that it should be sold instead of partitioned, the bill makes no ;case. Without such a bill, with proper averments and proof, the decree cannot be sustained. What these are will be found under the head of partition, in the Code, articles five and seven, and need not here be enumerated.
A sale for partition is a matter of right, provided it shall appear to the Court that the property cannot be equally divided among those entitled thereto, or that it would be manifestly for their interest that it should be sold. Helm et al. v. Franklin et al., 5 Hum., 404. And it is more than probable, in this case, that proper grounds for a sale do exist; but they can only be made available by a bill framed with that view, with regular proceedings under it.
The decree of the Chancellor will be reversed, and the cause remanded to the Chancery Court at Knoxville, to the end that complainant, if he desires to do so, may amend his bill, and that the proper steps be taken and decrees had in conformity to this opinion.